THE AMERICAN AGRICULTURAL CHEMICAL COMPANY, a corporation of the State of Connecticut, *vs.* GEORGE S. GOODEN.

PLEADING—JUDGMENT ON AFFIDAVIT OF DEFENSE.

Plaintiff is not entitled to judgment before the last day of the term on affidavit of demand for the amount admitted by the affidavit of defense to be due, provided by statute and Rule 27 of the Superior Court; the motion for judgment by default not having been made until after the second Friday of the term.

(<em>November</em> 27, 1911.)

Judges BOYCE and RICE sitting
*Josiah O. Wolcott* for plaintiff.
*Caleb E. Burchenal* for defendant.
Superior Court, New Castle County, November Term, 1911.
SUMMONS CASE (No. 76, November Term, 1911).
Application for judgment at first term, before the last day of the term, on affidavit of demand, for the amount admitted to be due by the plaintiff in his affidavit of defense; the motion for judgment by default not having been made until after the second Friday of the said term, as provided by statute and Rule 27 of the Superior Court.

In support of his motion, *Mr. Wolcott*, for plaintiff, cited the said rule and *Chapter* 135, *Vol.* 16, *Laws of Del., Rev. Code* 699.

BOYCE, J.:—This is an application for judgment after the second Friday of the term for the amount admitted by the defendant to be due in his affidavit of defense. Notwithstanding the defendant's admission, we think the plaintiff cannot take judgment at any other time than that named in the statute and rule of court, that is, on the second Friday of the term, or on the last day thereof. Of course, the plaintiff can make his election to take judgment for the amount admitted to be due, at any time within the term. He now asks for something more than an election to take judgment for the amount admitted to be due in the affidavit of defense; he asks for judgment immediately, and after the second Friday of the term

Such a judgment, as is now asked for, may by special motion be entered on the second Friday of the term to which the process is returnable, or it will, by motion entered on the motion docket, be entered on the last day of the term, unless an adjournment of the court is had before that time for more than ten days, in which event judgment may be entered on the day of such adjournment. We think the application to enter the judgment immediately should be refused.

RICE, J.:—Under *Section* 4, *Chapter* 106, *Revised Code, p.* 789, provision is made for two kinds of speedy judgments. One on the last day of the term in default of affidavit of defense being filed; the other by statute and by rule of court making even a more speedy judgment, that is, on the second Friday of the term. The affidavit of defense, we understand, in this case, was filed on the first Thursday of the term, within the rule, and it gave the plaintiff from that time until the second Friday to elect as to one or more of the speedy forms of judgment, the first of these the plaintiff has failed to take advantage of. The other form of judgment, to my mind, is left to the last day of the term.